EGBERT
v.
RUSH.

*Thursday,*
*June 19.*

---

EGBERT and Others *v.* RUSH and Another, Administrators.

In chancery, such matters only, in the progress of a cause, as do not necessarily become part of the record (such as oral evidence of exhibits at the hearing, &c.,) need be presented, on appeal, by bill of exceptions.

In chancery cases, the Supreme Court will weigh the evidence, and decide thereon without respect to the decision of the Court below.

The administrators of an estate, without any order of Court, voluntarily paid a part of the assets to the widow and heirs, before the settlement of the estate. Sufficient means not being left to pay the debts and compensate the administrators for their services, they brought their action against the widow and heirs to recover a sufficient sum out of the amount advanced to them to discharge the unpaid residue of the debts and compensate the administrators for their services. *Held*, that the suit would not lie.

ERROR to the *St. Joseph* Circuit Court.

STUART, J.—This cause, originally pending in the Probate Court, was, owing to the interest of the probate judge, transferred to the Circuit Court. The transfer was ordered in *April*, 1838, and the case remained there ten years. During that period all the reports of the administrators, and the claims, vouchers, &c., were, four several times, referred to a master in chancery, and reported upon with the following results, viz.:

The first report found that the administrators had overpaid to the widow and heirs, and were entitled to have refunded, the sum of 753 dollars and 95 cents; second report, in 1842, 789 dollars and 96 cents; third report, in 1842, 1,439 dollars and 96 cents; fourth report, in 1843, 1,979 dollars and 96 cents. Both the third and fourth reports included the costs and the fees allowed the administrators and attorneys of the estate. The last report also apportioned the sums to be paid back by the widow and heirs respectively to the administrators. This report and proceedings of the master were approved by the Court at the *October* term, 1843, and the widow and heirs were ordered to be summoned to answer the petition to refund, and show cause, if any, why the sum reported, &c., should not be refunded.

In *October*, 1844, the widow and heirs answered, and also filed their cross bill making new parties, charging that the administrators combined with *Hiram, Jacob* and *Leonard Rush* to defraud the respondents, praying answers, &c. The administrators and the new parties answered, exceptions were taken, references to master, &c., until in *April*, 1848, the issues were joined and the cause set down for final hearing on the pleadings, depositions, &c.

The Court took the cause under advisement until the *October* term, 1848, and then found that the administrators of *Israel Rush*, deceased, were entitled to have refunded from the widow and heirs, the sum of 1,169 dollars and 82 cents, apportioning the amounts to be refunded respectively. Motion for a rehearing overruled, and decree ac-

May Term, 1856.

EGBERT
v.
RUSH.

*Friday,*
*June* 20.

May Term,
1856.

EGBERT
v.
RUSH.

cording to the finding. Decree for the costs of the peti-
tion, &c., against the administrators.

It may not be very material to inquire whether this is a
proceeding at law or in chancery, as the evidence is all
embodied in the record by bill of exceptions. The form
of the proceedings, viz., petition, cross bill, answer and de-
cree, &c., are all as in chancery. In that event, the evi-
dence was all necessarily a part of the record, without any
bill of exceptions. Only such matters in the progress of
the cause as would not necessarily become a part of the
record, such as oral evidence of exhibits at the hearing, &c.,
should have been presented by exception. *Brown* v. *Wood-
bury*, 5 Ind. R. 254.

As a chancery cause, this Court will not feel bound to
respect the finding of the Circuit Court as it would the
verdict of a jury or the finding of the Court at law. Hav-
ing all the evidence upon which the Court below acted, we
will weigh it and draw our own conclusions. *Baker* v.
*Leathers*, 3 Ind. R. 558, and several cases at the present
term, overruling the intimation given to the contrary, if it
could be regarded as such, in *Calkins* v. *Evans*, 5 Ind. R.
441.

The several reports of the masters in chancery above
referred to, and the finding of the Court, would seem to
make a very strong case that the administrators had over-
paid. Taking into consideration the different periods at
which the reports were made, the interest accumulating,
and the question of including or excluding the costs and
expenses of administration, these results do not vary so
much as might at first blush be supposed. They might
be safely taken as a clearly established case of overpay-
ment to the heirs. The finding of the Court in 1848 seems
to be so fair a deduction from the pleadings and evidence
as to entitle it to respect; and we therefore adopt it as our
own.

The only remaining question is, does the evidence make
such a case in favor of the administrators as to entitle them
to have the sum thus found to be overpaid refunded? We

are inclined to the opinion that it could not, and that the decree of the Court below is erroneous.

We do not lay any stress on the statute in relation to refunding bonds; R. S. 1843, s. 374, p. 555; for that section contemplates a distribution under an order of Court, and is given for the benefit of any heir, legatee, or creditor afterwards appearing, who may labor under certain disabilities. Administrators are not named among those for whose benefit the statute was intended. Nor are they embraced in its policy.

So far as the basis of the decree before us is disclosed, it may be resolved into two elements: 1. Money actually advanced to the widow and heirs of the intestate; 2. Money due the administrators for services as such.

The first was paid over to the widow and heirs without any order of Court to that effect. It does not appear that any order for distribution was ever made. The payment was the act of the administrators, without any legal authority. It must be taken as made, too, with a full knowledge of all the facts. As administrators they must have known the situation of the estate. At least they had the means of knowing and must be presumed to know how it stood. Their own reports show the debts and liabilities. It is not pretended that this money was even advanced by them to save the sacrifice of any property of the estate. It was a voluntary payment of money, without any authority or any plausible pretext of ignorance as to the facts. It was clearly waste. We know of no principle of law, and certainly no consideration of public policy, that can be invoked in aid of the administrators. Even as against adults, the law would raise no assumpsit in their favor. Much less in this case against infants.

Whatever might otherwise have been due to the administrators for their services as such, seems to stand upon the same principle. They had the means in their hands and should have retained. There was no privity between the administrators and the heirs which did not equally subsist between them and the creditors. Had proceedings been instituted against the creditors to refund, the true character

of the demand would appear at once. It would be clear that the administrators had no right of action. There was no contract, no express or implied assumpsit, to refund, on the part of the heirs, any more than on the part of the creditors. The reasoning is here applied only to the claim of the administrators for services. How far it might be applicable to any other kind of overpayment we need not inquire. All that is necessary on this point is, that the heirs and creditors stood in the same relation to the administrators; and neither were under any obligation to pay for their fiduciary services by refunding. The administrators should have retained and distributed under the order of the Court. If they part with the assets on their own responsibility, and thereby commit waste, they are not entitled to relief.

The attorneys' fees claimed stand somewhat different. The gross sum of 500 dollars is claimed for services as administrators, including attorneys' fees paid. There are no items or vouchers given. Besides, there are vouchers in the evidence for attorneys' fees to the amount of 65 dollars. As there was no great amount of litigation prior to this petition, and no other items are given, we must presume this covered all the attorneys' fees in the case for which the estate was properly liable. For the 65 dollars the administrators were already credited. Any other fees, not properly incurred in the necessary litigation of the estate, the administrators must settle out of their own property.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. L. Jernegan* and *E. B. Crocker*, for the appellants.

*J. A. Liston*, for the appellees.