May Term,
1859.

WARE
v.
ADAMS.

---

### WARE *v.* ADAMS.

A referee, acting under a reference to him of the matters in issue in a pending suit, has no right to report the evidence given before him, though he may report the facts proved by it, if authorized to do so by the parties.

The authorities upon this point are based upon the assumption that, under the statute there is but one way of bringing the facts before the Court, viz., by requiring the referee to report the facts found and the conclusions of law, separately; and then, upon exception, the Court will review the decision of the referee as it would its own proceedings on a motion for a new trial.

APPEAL from the *Johnson* Circuit Court.

DAVISON, J.—*Adams* brought this action against *Ware* upon a written agreement entered into by the parties, and dated *August* 4, 1854. By the agreement it is witnessed, that *Adams* had sold to *Ware* the undivided half of a steam saw-mill, then situate five miles from *Columbus*, *Indiana*, together with the undivided half of two log-wagons, three yoke of oxen, chains, and other property,

*Thursday,*
*June 2.*

known as the mill property.  Further, *Adams* agreed to move the mill to *Ware's* land, and put it up so as to have it in operation by the 1st of *November* next ensuing, until which time he was to have possession of the mill and mill property.  And *Ware*, in consideration of the aforesaid sale, agreed to pay *Adams*, on or before the 1st of *September* next after the date of the agreement, 200 dollars, and by the 5th of *December*, 1854, the further sum of 700 dollars.  *Ware* also agreed to allow the mill to be put up on his land in *Johnson* county, and give four acres adjoining the mill for its use, as long as it should be owned by the parties.  It was agreed that said parties should constitute a partnership, in which each partner was to bear half the expense, and share half the profits, the partnership to commence as soon as the mill was moved and put into running order, each party to bear one-half the expense of building houses for the use of workmen at the mill.

The complaint avers that plaintiff performed all the stipulations in said agreement on his part to be performed. But it is alleged that the defendant failed to pay the 900 dollars as therein stipulated, or any part thereof, and further, that he failed and refused to bear one-half of the expense of building a house for the use of the workmen at the mill—a house for such purpose having been built at a cost to the plaintiff of 300 dollars, over and above the amount advanced by the defendant for said building, &c. The complaint contains five other paragraphs; but a statement of them not being important in the investigation of the case, they will not be further noticed.

Issues were made, and the cause, by agreement, &c., was referred to *Guilderoy Hicks*, a master commissioner, for adjustment and ascertainment of the evidence.

At the *March* term, 1857, of said Court, the commissioner filed his report, with a statement of the evidence given before him.  Under the issues, and upon the evidence, the commissioner found specially as follows:

" The plaintiff is entitled to the contract price for the half of the mill erected on defendant's land, and half of two log-wagons, three yoke of oxen, and other property

known as the mill [property] in said agreement men-
tioned....................................... $900 00
Also, to the value of one yoke of oxen.........   30 00
Interest.....................................   50 00

    Making in the whole.................... $980 00
That defendant has paid on said agree-
   ment............................ $400 00
And is entitled to a set-off in the sum
   of............................. 140 50
                    ———— $540 50

                                $439 50

Which sum of 439 dollars, 50 cents, is found in favor of the plaintiff and against the defendant.  [Signed]

               G. Hicks, Master, &c."

This report having been filed, the defendant excepted to the finding of the master—1. Because the same is contrary to law; 2. Because it is contrary to the evidence.

Under these general causes, there are various specifications which point out definitely the ground upon which they allege the evidence to be insufficient to sustain the finding; but the Court overruled the exceptions, and gave judgment in favor of the plaintiff for the amount found by the master.

It may be noted that, in this instance, the master occupies the identical position of a referee under the practice act.  2 R. S. pp. 116, 117, §§ 349, 350, 351.  And as we understand the duties of such referee, acting under a reference to him of the matters in issue in a pending suit, he has no right to report the evidence given before him, though he may report the facts proved, if authorized to do so by the parties.  *The Indiana Central Railway Co.* v. *Bradley,* 7 Ind. R. 49.— *The Trustees, &c.* v. *Huston,* at the the present term (1).  These decisions proceed upon the principle that, under the statutory provisions to which we have referred, there is but one way of bringing the facts before the Court, viz., by one or both of the parties requiring the referee to report the facts found and the conclu-

May Term,  sions of law separately.  Then, upon exceptions taken,
1859.   the Court will review the decision of the referee, in like

JOHNSON  manner and under the same regulations, as it would its
v.
Cox.   own proceedings on a motion for a new trial.  Section
350, *supra.*

The result is, that the evidence reported by the master,
in the case at bar, is not properly before us, and, conse-
quently, not examinable in this Court.  We have, how-
ever, looked into the evidence carefully, and are of opinion
that it sustains the finding of the master.

*Per Curiam.*—The judgment is affirmed with 5 per cent.
damages and costs.

*F. M. Finch,* for the appellant.

*S. P. Oyler, G. M. Overstreet,* and *A. B. Hunter,* for the
appellee.

(1) *Ante,* 276.