GLASS v. THE BOARD OF COMMISSIONERS OF RIPLEY COUNTY.

May Term,
1861.

GLASS
v.
THE BOARD
OF COMMIS-
SIONERS OF
RIPLEY CO.

Wednesday,
May 29.

A Master Commissioner is not authorized to grant an injunction.

APPEAL from the *Ripley* Circuit Court.

PERKINS, J.—In this case an injunction was granted by *James H. Cransers*, Esq., a master commissioner; and the only question now presented is whether he possessed the power to grant it. Our statutes mention four kinds of court commissioners and masters.

1. Commissioners to convey real estate under a judgment or order of Court. R. S. 1843, p. 855; Acts of 1849, p. 27; 2 R. S. 1852, p. 157; *Wilkins* v. *De Pauw*, 10 Ind. 159.

2. Commissioners to take accounts upon trials of causes, and to report amount of damages to be recovered on final judgment. 2 R. S. 1852, § 367, p. 121; *Ware* v. *Adams*, 12 Ind. 359. This officer is a duplication of the referee. *Id.*

3. Masters in chancery. R. S. 1843, pp. 659, 842; and §§ 153, 163, pp. 856, 857. This class of officers is authorized by a statute, approved *Jan.* 3, 1852, if the statute is valid, and in force, to grant injunctions. Acts 1852, p. 121.

4. Master commissioners.

What the necessity was of creating this confusion of officers and duties is unexplained. It would seem as though the law was sufficiently mystified and likely to mislead before. But however this may be, the creation of master commissioner has been the means of involving one more party, at least, in trouble and cost. We do not think the master commissioner is invested with the master in chancery's power, if he possesses it, of granting injunctions. The act of 1853, § 7, p. 92, operates to limit the power of master commissioners.

*Per Curiam.*—The judgment is affirmed, with costs.

*H. W. Harrington*, *J. Gavin*, and *Oscar B. Hord*, for the appellant.

*A. C. Downey* and *H. A. Downey*, for the appellee.