## McCLURE and Others *v.* McCLURE and Others.

A commissioner, acting under a reference to him of matters in issue in a pending suit, has no right to report the evidence given before him, though he may report the facts proved by it, if authorized to do so by the parties.

The failure to demur to the complaint, or move in arrest, as a general rule, is a waiver of objections thereto.

But the failure of the complaint to state facts sufficient to constitute a cause of action, may be urged as a ground of reversal in the Supreme Court, although the objection was not made below.

Unless there has been a verdict, or finding in the nature of a verdict, in which case all defects in the complaint will be cured thereby, if, from the issues in the case, the facts omitted, or defectively stated, may fairly be presumed to have been proved on the trial.

An administrator, having advanced his own funds in payment of the demands against his intestate's estate, thereby acquires no right of action for money thus voluntarily advanced, against the heirs of the estate.

APPEAL from the *Knox* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, sued the appellants, alleging, in their complaint, that in the year 1845, *John McCord,* then in life, but now deceased, was the administrator of *John F. Snapp,* deceased, and, as such administrator, expended a large sum of money in the administration of the intestate's estate, over and above the amount that came into his hands as administrator of that estate, to-wit: the sum of one hundred and sixty-two dollars and eighty cents; that both parties, plaintiffs and defendants, are the heirs of *John McCord,* deceased, made so by his last will, whereby he bequeathed to the plaintiffs one-third of all his personal estate, and also one-third of the amount so expended by him as aforesaid; and to the defendants and *John F. Snapp, Jr.,* one-third thereof; that afterward, in the year 1852, *John F. Snapp, Jr.* died, leaving his mother, the

said *Jane Simpson*, and his brother and sister, the said *Abraham F. Snapp* and *Eliza McClure*, his heirs at law; that at the death of *John F. Snapp, Jr.*, one-half of his estate descended to *Jane Simpson*, his mother, and one-fourth each, to *Abraham F. Snapp* and *Eliza McClure*, his brother and sister; that one-third of said one hundred and sixty-two dollars and eighty cents belongs to each of them, as follows: five thirty-sixths thereof belong to *Abraham F.* and *Eliza*, and one-eighteenth to *Jane Simpson;* that upon the death of the said *John F. Snapp, Sen.*, the defendants received a large amount of land and money, in all amounting to ten thousand dollars, from his estate, and thereby the defendants became liable to pay to the plaintiffs their portion of the amount, so as aforesaid paid out and expended by the said *McCord*, in his lifetime; wherefore, etc.

Defendants' answer consists of five paragraphs: 1. A general denial. 2. That said *John McCord*, formerly administrator of *John F. Snapp*, the father of the defendants, received large amounts of money, to-wit: eight hundred dollars, as such administrator, which he never accounted for; therefore, they say, they do not owe any part of the amount claimed, etc. 3. That the settlement of *McCord*, as administrator of the estate of *John F. Snapp*, deceased, in which he, as such administrator, was allowed one hundred and sixty-two dollars and eighty cents, was made in the *Knox* Probate Court, in the year 1845, was a last and final settlement by the administrator of said estate; that the defendants were, at that time, minors, and were not made parties to the settlement, nor did they appear at the same, either in person or by guardian; that they never knew or heard of such claim until this suit was instituted, and that five years have not elapsed since they arrived at full age: therefore, they say, they are not estopped by said settlement, and they pray that the same may be opened and set aside, or that proceedings in this suit be continued until

they can have the settlement opened, etc. 4. That plaintiffs have received divers' claims, to the amount of two hundred dollars, which should be credited on any claim which they have against the defendants. 5. That one-third of the claim sued on belongs to the defendants, as heirs-at-law of *John McCord*, deceased, etc.

Plaintiffs replied: 1. By a general traverse. 2. That *McCord* accounted for all the moneys that came into his hands as such administrator, etc.

Issues being thus made, the cause was referred to *William P. Hargrave*, a commissioner, who, at the December term, 1858, filed his report, with a statement of the evidence given before him. Under the issues and upon the evidence, the commissioner found, " That there was an allowance made to *John McCord*, administrator of the estate of *John F. Snapp*, deceased, by the Probate Court of *Knox* county, on the 22d of November, 1845, of one hundred and sixty-two dollars and eighty cents, the amount claimed in this suit, by the plaintiffs, as his heirs," and that the same has never been paid or released, but stands in full force; that that sum, with interest from the 22d of November, 1845, until the 22d of December, 1858, amounts to two hundred and ninety dollars and fifty-nine cents, of which the plaintiffs are each entitled to recover ninety-six dollars and eighty-six and one-third cents. The defendants, the report having been filed, excepted to the finding, on the ground that it was unsustained by the evidence, but the Court overruled the exception, and rendered judgment in favor of each plaintiff, in accordance with the finding, etc.

The errors assigned, so far as they are noticed in the appellant's brief, are thus stated: 1. The complaint contains no cause of action. 2. The evidence does not sustain the finding of the commissioner. There is nothing in the second assignment. A commissioner, " acting under a reference to him of matters in issue in a pending suit, has no

right to report the evidence given before him, though he may report the facts proved by it, if authorized to do so by the parties." *Ware* v. *Adams*, 12 Ind. 359. And the result is, the evidence, so reported, is not properly before us, and, consequently, is not examinable in this Court.

In reference to the first assigned error it may be noted, that there was no demurrer to the complaint, or motion in arrest, and such being the case, the general rule is, that objections to the complaint are deemed waived. But there are exceptions to that rule, and one of them is where the pleading " does not state facts sufficient to constitute a cause of action." 2 R. S., G. & H., p. 81, sec. 54. That objection, though not made in the Court below, may be raised on appeal. 10 Ind. 117. 12 *Id.* 389. Perkin's Practice, p. 31.

The complaint is alleged to be defective: 1. Because it does not allege that defendants are the heirs of *John F. Snapp*, *Sen.*, deceased. 2. The purpose for which the administrator expended the one hundred and sixty-two dollars and eighty cents is not alleged. 3. The cause of action in this case, if there be any, is in the administrator of *John McCord*, deceased, and suit should have been instituted in the name of such administrator.

These objections appear in the complaint, and it is no doubt competent for the appellant to raise them in this Court. Still, the inquiry arises, as it would have arisen on motion in arrest in the lower Court, Whether they are not cured by the finding of the commissioner? Such finding is, in effect, a verdict. And it is well settled that "Defects in a complaint are cured by verdict, if, from the issues in the case, the facts omitted, or defectively stated, may fairly be presumed to have been proved on the trial." 1 Chitty's Pl. 12th Am. ed., p. 673, *et seq. Stanley* v. *Whipple*, 2 McLean, 35.

As we have seen, the first objection is, that the complaint " does not allege that defendants are the heirs of *John F. Snapp*, *Sen.*, deceased." It does, however, allege, " that

they received a large amount of land and money, in all amounting to ten thousand dollars, from his estate, and thereby became liable to pay." This averment very plainly allows the inference that the defendants were the heirs of the decedent; and the commissioner having found them liable, as heirs, it must be presumed that the fact of their heirship was duly proved before him.

But the second and third objections must be held conclusive against the validity of the complaint. An administrator having advanced his own funds in payment of demands against the estate, acquires no right of action, for money thus voluntarily advanced, against the heirs of the intestate. *Egbert* v. *Rush*, 7 Ind. 706. At all events, the purpose for which the advance was made should be affirmatively alleged, in order that the Court may be enabled to determine, from the face of the complaint, whether it constitutes a sufficient cause of action. But the claim sued for, if valid, belonged to the estate of *John McCord*, deceased, as a part of its assets, and the administrator of that estate is, of course, entitled to it, in his fiduciary capacity; and the result is, it can not be collected by suit, otherwise than in his name. And if, as found by the commissioner, the one hundred and sixty-two dollars and eighty cents was allowed by the Probate Court, this suit for the recovery of that demand should have been founded on the allowance, and not upon a charge for money expended in the administration of the estate. The complaint being thus fatally defective, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*F. W. Vielle*, for the appellants.

*J. C. Denny*, for the appellees.