### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1871, IN THE FIFTY-SIXTH
YEAR OF THE STATE.

———◆———

### TILMAN v. HARTER ET AL.

PROMISSORY NOTE.—*Indorsement.*—The indorsement of a promissory note is
not required to be set out in the complaint in a suit by the indorsee against
the maker.

PRACTICE.—*Bill of Exceptions.*—Where there is no proper bill of exceptions,
no question on the evidence is presented on appeal, nor is a ruling on a mo-
tion for setting aside a continuance or a motion for taxing costs before the
court for consideration.

APPEAL from the Wabash Circuit Court.

PETTIT, J.—This suit was brought by the appellees against
the appellant, and the complaint is this: "The plaintiffs,
Joseph B. Harter and Jacob Harter, complain of the de-
fendant, Job E. Tilman, and allege that the said defendant,
on the 12th day of September, 1866, by his note, a copy of
which is filed herewith, promised to pay to the order of,
John Thorn, who indorsed said note to Milton M. Boggs,
who indorsed said note to the plaintiffs, and that defendant,
on the 12th day of October, 1866, paid fifty dollars on said
note; that the residue thereof, and the interest thereon, are

VOL. XXXVIII.—1

yet due and unpaid. Wherefore the plaintiffs demand judgment for one hundred and fifty dollars, and for other proper relief."

The note and indorsements filed are as follows:

"$150.                              SEPTEMBER 12th, 1866.

"On or before the 10th day of July, 1867, I promise to pay to the order of John Thorn one hundred and fifty dollars, value received, without any relief whatever from valuation or appraisement laws.          JOB E. TILMAN."

Endorsed: "JOHN THORN, MILTON M. BOGGS."

The defendant answered in two paragraphs; first, payment; second, counter claim; to which there were proper replies and issues made.

The cause, for trial, was submitted to the court. The court, at the request of the appellant, found specially the facts and the conclusions of law thereon, to which no exception was taken.

A motion for a new trial was made and overruled, and exception taken by appellee.

The errors assigned are, "first, the complaint does not state facts sufficient to constitute a cause of action against the defendant below." The only possible objection to the complaint exists in its not stating that the indorsements or assignments are filed with the note. This did not render the complaint bad. See *Treadway* v. *Cobb*, 18 Ind. 36.

"Second, the court below erred in permitting improper and irrelevant evidence to be introduced at the trial of said cause over the objection of the defendant below, to which he excepted." This is no legal assignment of error, but might be used as a cause for a new trial if the particular evidence thought to be improper and irrelevant had been pointed out; but without this it would not have been a good or proper cause for a new trial. There is no evidence in the record. That which is claimed to be a bill of exceptions, instead of being signed by the judge as true, is certified by him to be not full and complete.

"Third, the court erred in permitting the deposition of

Milton M. Boggs to be read in evidence over the objection of appellant." We do not know what this deposition was, as there is no proper bill of exceptions setting it out.

"Fourth, the court erred in not taxing costs on an issue to the appellees." There is no bill of exceptions showing a motion or reasons for so taxing the costs.

"Fifth, the finding of the court was contrary to law; sixth, the finding was contrary to evidence." We are not able to see why the finding was contrary to law, as no exception was taken to it; nor why it was contrary to the evidence, as there is none before us.

"Seventh, the court erred in setting aside the continuance in this case over appellant's objection." There is no bill of exceptions showing the setting aside of a continuance, or any objection to the action of the court in that respect.

"Eighth, the court below erred in refusing to sustain the motion of the defendant below for a new trial."

We have noticed, considered, and answered, above, every question that was presented in the motion for a new trial. It follows that there was no error in overruling the motion for a new trial, or in any other action of the court below, of which the appellant can take advantage.

The judgment is in all things affirmed, at the costs of the appellant.

*L. H. Goodwin*, for appellant.

*F. M. Eagle*, for appellees.