No. 9635.

## BEARD *v.* HAND.

REFEREE.—*Agreement of Submission.*—A cause not at issue was, in 1879, referred by written agreement to one D., as a master commissioner, to complete the issues and take the evidence, report his conclusions on the proofs, and also his conclusions upon the law applicable to the facts proved, and submit the same at a subsequent term of the court.

*Held,* that this was a reference, under sec. 349, *et seq.,* of the code of 1852, R. S. 1881, sec. 556–558.

SAME.—*Report.—Evidence.—Record.—Rulings on Demurrer.*—In such case the master had no authority to report the evidence, and the fact that he

did so did not make it a part of the record; nor was it a defect in his report, that it did not show rulings upon demurrer to pleadings.

PRACTICE.—*Pleading.—Departure.—Demurrer.—Objection after Verdict.*—New matter in a reply, constituting it a departure, can be reached only by demurrer, and objection after verdict is too late.

SAME.—*Bill of Exceptions.—Costs.*—A bill of exceptions is required to make a motion for judgment for costs a part of the record.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *L. Jordan,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

BLACK, C.—Before the issues had been completed in this cause, which was brought by the appellee against the appellant, it was referred, upon a written agreement signed by the attorneys of both parties, which, omitting the title of the cause and the signatures, was as follows:

" It is hereby agreed between the plaintiff and the defendant that this cause is hereby submitted to the Hon. George W. Denbo, as a master commissioner, to complete the issues in said cause and to take the evidence in said cause, in vacation or term time, and report his conclusions upon the proof so taken, as, also, his conclusions upon the law applicable to the facts proved in the case, and that he submit the same to the Harrison Circuit Court at its December term, 1879."

This was, in effect, a reference under section 349, *et seq.,* of the code of 1852, the referee being designated as a master commissioner. *Shaw* v. *Kent,* 11 Ind. 80; *Ware* v. *Adams,* 12 Ind. 359; *McClure* v. *McClure,* 19 Ind. 185; *Reid* v. *State, ex rel.,* 58 Ind. 406.

The pleadings necessary to the completion of the issues were filed before the referee, and were by him returned with his report. The report, besides the referee's conclusions of fact and of law, contained large portions of the evidence (whether all that was taken by him or not does not appear) set out, not in the order in which it was introduced, but each portion in

connection with the finding of fact which it illustrated. It was unnecessary, under the agreement of the parties and the order of reference, which conformed to the agreement, as well as under the statute, to report any evidence. But the referee's conclusions are not vitiated by the presence in his report of evidence, which, however, can not be considered by us. See *Ware* v. *Adams, supra; Royal* v. *Baer*, 17 Ind. 332.

The principal question argued in this court, having been presented to the court below by exceptions to the report, relates to the allowance by the referee of a certain credit to the appellee in the adjustment of partnership accounts of the parties; and the ground of appellant's objection thereto is that this item of credit was not properly embraced in the issues submitted to the referee. The item was included in the issues. Whether it was embraced in the cause of action stated in the complaint, about which there is dispute, we need not decide. It was distinctly stated in the reply. Appellant, insisting that it was not within the complaint, contends that, therefore, the reply was a departure. But if a defendant go to trial without objection to a reply, he waives objection thereto, on the ground of departure. The objection can not be made after verdict. *Prenatt* v. *Runyon*, 12 Ind. 174; *McAroy* v. *Wright*, 25 Ind. 22; *New* v. *Wambach*, 42 Ind. 456; *Hopkins* v. *Greensburg, etc., Co.*, 46 Ind. 187; 1 Chit. Pl. 678. And the report of the referee stands as a verdict or finding. Section 350, code of 1852; section 24, 2 R. S. 1876, p. 324.

It is stated in the record that a demurrer to the reply was filed before the referee, and the demurrer is set out; but no ruling upon the demurrer is shown. No objection was made in the court below, nor has any been urged here, because of a trial without a decision upon the demurrer; indeed, it is claimed by counsel for appellant in their brief, that the demurrer was overruled. No question is before us as to the sufficiency of the reply. The matters stated in the reply were tried before the referee, and after his report had been returned

it was too late to object that they were not properly embraced in the issues, on the ground of departure. The referee found appellee entitled to this credit. We can not examine as to the correctness of this finding, the evidence not being before us.

Appellant has also assigned as error the overruling of a motion made by him for judgment for costs upon issues determined in his favor by the referee. Of this it is sufficient to say that the question is not saved by bill of exceptions. *Urton* v. *Luckey*, 17 Ind. 213; *State* v. *Saxon*, 42 Ind. 484; *Tilman* v. *Harter*, 38 Ind. 1.

We find no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of appellant.

## ON PETITION FOR A REHEARING.

BLACK, C.—It is thought by counsel for appellant that in our original opinion we failed to dispose of the third exception to the referee's report, which was as follows:

"*Third.* That the master has imperfectly executed his powers, in that he has not reported the pleadings filed before him in order to complete the issues in the cause, nor his rulings thereon, as appears from the files returned to the court with his report."

Whether it is proper practice to submit the completion of the issues in a cause to a referee, it was not necessary for us to decide. We may remark, however, that such practice does not seem to be contemplated by the statute in relation to referees, or to be in harmony with our system of procedure, and that this case illustrates the impolicy thereof.

It seems to have been intended by the third exception to object to the report because it did not state the fact of the filing of the several pleadings before the referee, and did not state the rulings made by him in making up the issues. The

Beard *v.* Hand.

especial purpose, as appears from the brief of counsel for the appellant, was to object because the referee did not report his ruling upon the demurrer to the reply.

The pleadings set out in the record as having been returned by the referee with his report were treated by counsel in their original argument as papers properly in the record; it is only by so treating them that it can be pretended that a demurrer was filed. It was not pretended that any paper was filed before the referee which was not returned with his report and treated by him and by the court as a paper in the cause. No harm, then, could result from a failure to set out in the report the pleadings filed before the referee, or to specially mention the filing thereof.

It nowhere appears, nor was there any attempt made to show, that any ruling was made upon said demurrer, or that the referee made any ruling upon any pleading. The mention made of such rulings in the exception to the report did not show that there were any such rulings.

It seems to need no argument to prove the impossibility of our saying that the court erred in not allowing an exception to the report for its failure to show rulings which in no manner appear to have been made. We can not presume, because a demurrer appears in the record, that there was a ruling upon it, and that it was decided against a certain party, and that he at the time excepted to the ruling. We must presume that the action of the court was right, unless the contrary properly appears by the record. Besides, the referee was not required by the parties or by the court to say anything in his report about the pleadings filed before him, or his rulings thereon.

PER CURIAM.—The petition for a rehearing is overruled.