THE PRESBYTERIAN CHURCH OF ROANOKE *v.* HORTON.

PLEADING.—*Church.*—To an action against a church, to recover a debt alleged to have been contracted by her trustees, an answer that at the time the debt was made the church had no elected board of trustees acting for her, and that no trustees had ever been elected or qualified, is bad.

CHURCH ORGANIZATION.—*Trustees.*—Trustees of a church may be appointed as well as elected.

PRACTICE.—*Evidence Excluded.—Presumption.*—Where there are no facts in the record from which the court can see the materiality of evidence excluded, the action of the court in excluding it will be sustained.

From the Huntington Circuit Court.

*Sayler & Kenner, Finch & Finch,* and *J. A. Holman,* for appellant.

*Ibach & Shults,* for appellee.

DOWNEY, J.—Suit by the appellee against the appellant. The complaint, which was against Thomas A. Eaken, John Legit, and George Shanks, trustees of the Presbyterian Church of Roanoke, alleges that the defendants, as trustees of said church, became indebted to Franklin M. Horton and Theodore V. Horton, in the sum of one thousand one hundred and eighteen dollars and fifty-nine cents, with interest at six per cent. from the 27th day of August, 1872; that the said Franklin M. Horton, on the 4th day of March, 1874, assigned his entire interest in said claim to the plaintiff, which assignment is filed herewith, and made part hereof; that said amount is due and unpaid, and is for personal property, etc., and money advanced and delivered by the plaintiff to said defendant, the particulars of which are set forth in an account filed herewith and made part of this complaint, and balance due in settlement in the sum of one thousand one hundred and eighteen dollars and fifty-nine cents, and interest thereon from January, 1871; wherefore, etc. Then follows the bill of particulars.

The answer, which is in the name of the Presbyterian Church of Roanoke, was in five paragraphs. The first was a general denial. The second, that the amounts paid by the said Horton were not authorized by the trustees of said church,

nor by these defendants, but such amounts, if paid, were paid without any authority whatever.   The third, that the account had been fully paid.   The fourth was the statute of limitation of six years.   The fifth was as follows:

" 5. And for further cause of answer, defendants say that at the time the debt was made, set forth in plaintiff's complaint, there was no elected board of trustees acting for said church; that, in fact, no trustees have ever been elected or qualified to act for said church; wherefore," etc.

A demurrer to the fifth paragraph of the answer was sustained, and that is the first alleged error.   This paragraph of answer, fairly construed, only denies that trustees had been elected, and does not deny that they had been appointed.   The statute on the subject, 1 G. & H. 584, *et seq.*, provides for appointing trustees, as well as for their election.   The eighth section is as follows:

"Any society may select or appoint trustees according to its common usage or custom, if they desire it; but a certificate of such selection or appointment, and the record of the same, as in case of their election, shall not be dispensed with."

For this reason, we think the paragraph in question is bad, and the ruling on the demurrer correct.   There may be other valid grounds of objection to the paragraph, or, as is claimed by counsel for the appellee, the facts alleged may have been in issue by the other paragraphs of the answer.   As to these, however, we have not examined.

The plaintiff replied to the remaining paragraphs of the answer by a general denial.   The issues were tried by a jury, and there was a verdict for the plaintiff.   A motion for a new trial was made by the defendant, for the reasons following:

1. Sustaining the demurrer to the fifth paragraph of the answer.

2. Refusing to allow the admission of evidence to prove the custom of the Presbyterian church in the election of trustees.

3. The damages are excessive.

4. The verdict is contrary to law.

5. The verdict is contrary to the evidence.

The motion was overruled by the court, and final judgment rendered on the verdict.

The overruling of this motion is the only other error assigned, and the only point which is pressed by counsel is the refusal of the court to admit. the evidence of the custom of the church in the election of trustees. There are no facts in the record from which we can see the materiality of this evidence, and we must therefore sustain the ruling of the circuit court in excluding it.

The judgment is affirmed, with costs.