## THE TRUSTEES OF THE CHRISTIAN CHURCH OF WOLCOTT *v.* JOHNSON.

CORPORATION.—*Contract.*—*Seal.*—A corporation may make a valid contract without using any seal, when not expressly required to contract under the seal of the corporation.

SAME.—*Pleading.*— Suit against the trustees of a certain church upon a written contract, purporting therein to be the contract of the trustees of said church, and signed " M. T. Didlake, Sec't'y ;" the complaint alleging that the contract was signed by the defendants under the name and style of " M. T. Didlake, Sec't'y ;" and that the said secretary was duly authorized by the corporation known as " The Trustees of," etc., and by the trustees of said corporation, to enter into said contract.

*Held,* that it sufficiently appeared that the contract was the contract of said trustees, and that the secretary was authorized to sign it.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*J. H. Wallace* and *R. Gregory,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants.

The amended complaint is in two paragraphs. The first is on a written contract for the building of a church edifice by the plaintiff for the defendants. It is alleged that the

plaintiff performed the contract on his part, and that there is due and unpaid upon the compensation agreed upon eight hundred and thirty-two dollars. The object of this paragraph is to recover this amount, and to enforce a mechanic's lien for the same.

The object of the second paragraph is to recover for work and labor and materials, and to enforce a mechanic's lien therefor.

The defendants demurred to the first paragraph of the amended complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, and their demurrer was overruled.

The defendants answered in five paragraphs, the first of which was a general denial. In the second, it was alleged that the plaintiff did not complete the building in the time agreed upon, and damages are claimed in the sum of one thousand dollars. The third alleges that the work was not done in the manner agreed upon, pointing out the deficiencies, and claiming damages in the same amount. The fourth was an answer of payment. The fifth was for work and labor and materials furnished by the defendants to and for the plaintiff, pleaded as a set-off.

Reply in two paragraphs. The first was a general denial. The second was to the second paragraph of the answer, and averred, as an excuse for not having performed the work in the time agreed upon, that the defendants did not pay in part for the work at the time agreed on, and refused to furnish him the plans and specifications provided for in the agreement.

Upon a trial by jury, there was a verdict for the plaintiff for five hundred and twenty-five dollars and twenty cents, and that the same was a lien on the real estate and building.

A motion by the defendants for a new trial was made and overruled, and there was judgment on the verdict.

Two errors are assigned:

1. Overruling the demurrer to the first paragraph of the complaint.

2. Refusing to grant a new trial.

1. The first objection to the first paragraph of the complaint is, that the contract sued upon has not the seal of the defendants, as a corporation, affixed to it. There is nothing in this objection. Corporations, when not expressly required to contract under the seal of the corporation, may make valid contracts without using any seal. *Ross* v. *The City of Madison*, 1 Ind. 281; *McCabe* v. *The Board of Commissioners of Fountain Co.*, 46 Ind. 380, and authorities cited; and *Vawter* v. *Franklin College*, ante, p. 88.

Again, it is urged that the first paragraph of the complaint is bad because it does not appear that the contract mentioned in such paragraph was entered into by the trustees. The contract commences as follows:

"WOLCOTT, IND., August 25th, 1873.

"Article of agreement between the trustees of the Christian Church of Wolcott, Ind., of the first part, and Amos Johnson of the second part," etc.

It is signed "M. T. Didlake, Sec't'y." It is alleged that the contract was signed by the plaintiff under the name and style of Amos Johnson, contractor, and by the defendants under the style of M. T. Didlake, Sec't'y; that said secretary was duly authorized by the corporation known as the Trustees of the Christian Church of Wolcott, White county, Ind., and by the trustees of said corporation, to enter into said contract. We think it sufficiently appears that the contract was the contract of the trustees, and that the secretary was authorized to sign it.

2. Under the second alleged error, it is contended that the damages are excessive, and this was one of the reasons for a new trial stated in the motion. It is not possible for us, governed by the rule which prevails in this court, to disturb the judgment on this ground. The evidence is conflicting. The jury allowed for defective work and materials, and we cannot say that they did not allow enough.

The judgment is affirmed, with costs.