## WILES v. THE TRUSTEES OF PHILIPPI CHURCH.

DEMURRER.—*Capacity to Sue.—Church Trustees.—Corporation.*—A demurrer questioning the sufficiency of a complaint by a plaintiff styled "The

Trustees of " a certain " Church " does not question, but admits, the plaintiff's capacity to sue.

SAME.—*Corporate Existence not put in Issue by General Denial.*—Such plaintiff's corporate existence is not put in issue by an answer of general denial, nor by an answer specially alleging that certain persons named in the complaint as such trustees are, in fact, not the trustees.

SAME.—*Evidence.—Instructions.—Harmless Error.*—Under the issues made by such pleadings, error in the admission of evidence, or in the giving of instructions to the jury, relating to the corporate existence of the plaintiff, is harmless.

SAME.—The mere fact that an instruction to a jury is " out of place and not pertinent to the issues " is not ground for new trial, nor for reversing the judgment.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

BIDDLE, J.—The trustees of the Philippi Church brought this complaint, to enforce the specific performance of a contract alleged to have been made by the appellant, to convey certain grounds to the church.

A demurrer to the complaint, alleging the insufficiency of the facts to constitute a cause of action, was overruled. The appellant excepted.

Answer in denial, and by two special paragraphs. Demurrers were overruled to the two special paragraphs, but no question is made upon them.

Trial, verdict, and judgment decreeing the specific performance as prayed.

By a bill of exceptions, the evidence, and several questions arising upon the admission of evidence, and the instructions given to the jury, are brought before us.

In support of the demurrer, to the complaint, the appellant argues that the corporate organization of Philippi Church is not sufficiently shown, and that it has no capacity to sue ; but these questions are not raised by a demurrer for the want of facts. Such a demurrer admits the organization, and the capacity to sue. *Jones* v. *The Cincinnati Type Foundry*, 14 Ind. 89 ; *Heaston* v. *The Cincin-*

Wiles *v.* The Trustees of Philippi Church.

*nati and Fort Wayne R. R. Co.*, 16 Ind. 275 ; *The Board of Commissioners*, etc., v. *Bright*, 18 Ind. 93; *Cicero Hygiene Draining Co.* v. *Craighead*, 28 Ind. 274; *Debolt* v. *Carter*, 31 Ind. 355 ; *Collins* v. *Nave*, 9 Ind. 209; *Story* v. *O'Dea*, 23 Ind. 326.

The appellant insists, that, under the issues, the appellee was bound to prove its corporate existence. We think not. The general denial does not put in issue the corporate existence ; nor did the third paragraph of answer, which alleges that certain persons named therein are not the trustees of Philippi Church. It is immaterial what the personal names of the trustees are; the Philippi Church exists all the same. The names of the trustees are alleged in the complaint, but this is immaterial, especially when the existence of the corporation is not put in issue. In addition to the above authorities, we cite the following : *Wert* v. *The Crawfordsville and Alamo Turnpike Co.*, 19 Ind. 242 ; *The Adams Express Co.* v *Hill*, 43 Ind. 157 ; *The Indianapolis Furnace and Mining Co.* v. *Herkimer*, 46 Ind. 142 ; *The Presbyterian Church of Roanoke* v. *Horton*, 50 Ind. 223 ; *The Trustees of the Christian Church of Wolcott* v. *Johnson*, 53 Ind. 273.

The appellant also complains of the introduction of a written paper as evidence, showing the appointment of the trustees, but, in his objections to it at the trial, he did not point out what the objection was ; he therefore has waived it, if any existed. But we perceive no objection to the paper, nor to the parol evidence introduced to prove the same fact. *Hamrick* v. *Bence*, 29 Ind. 500. But, as we have remarked, we do not think the validity of the corporation, or its capacity to sue, was put in issue. The answer of general denial simply denies the cause of action, not the existence of the corporation nor its capacity to sue ; and the special paragraphs admit the cause of action, and endeavor to avoid it. They also admit the existence of the corporation, and its capacity to sue.

The instruction numbered 1, which is complained of, goes to the corporation and election of the trustees, and if it was even wrong, would be harmless, as these questions were not within the issues.

Instruction numbered 2 goes to the certificate of the election of the trustees, and is all in favor of the appellant. He can not complain of it.

The only objections made to the third instruction given by the court, and to the second one given as asked by the appellee, are, that they were " out of place, and not pertinent to the issues." We could not reverse the judgment for these reasons, where it is so plain, as in this case, that they, the instructions, are harmless.

There is no available error in the record.

The judgment is affirmed, at the costs of the appellant.