Baker v. Allen.

---

No. 11,032.

BAKER v. ALLEN.

| 92 | 101 |
| 150 | 271 |

PLEADING.—*Complaint.—Demurrer.*—A complaint which entitles the plaintiff to some relief is good against a demurrer for want of facts.
SAME.—*Practice.*—Where a plaintiff is not entitled to all the relief granted, the error can be reached only by a motion to modify the judgment.

From the Marion Circuit Court.

*W. H. Ripley,* for appellant.

*C. F. Rooker* and *A. W. Hatch,* for appellee.

ELLIOTT, J.—The question for our decision is whether the appellee's complaint is good on demurrer assigning for cause

that it does not state facts sufficient to constitute a cause of action. It is alleged that the appellee leased to the appellant certain real estate, which is properly described, "at," to quote the pleader's language, "a rent of fifty dollars per month, payable monthly in advance ;" and "that the defendant failed to pay the rent for the month of January, 1883, according to contract ; that plaintiff demanded of defendant the amount of rent for said premises on divers times before suit was brought, but that defendant refused to pay the same or any part thereof; that by virtue of the non-payment of said rent the plaintiff is entitled to the possession of said premises ; that the defendant unlawfully holds over and detains possession of said premises, to his damage in the sum of one hundred dollars."

It is a familiar rule, enforced by many decisions, that if a complaint is good enough to entitle the plaintiff to some relief, it will withstand a demurrer. In our opinion this complaint is sufficient to entitle the plaintiff to a money recovery, and this requires us to sustain the ruling of the court below.

Where a complaint entitles a plaintiff to some relief, but not to all granted, the remedy is by motion to modify the judgment. In this case, the soundness of the ruling adjudging as part of the relief a forfeiture of the lease of the demised premises could have been properly questioned by a motion to modify the judgment and in no other manner. *Hardy* v. *Miller*, 89 Ind. 440.

The appellant's counsel has ably argued the question of appellee's right to a forfeiture, but settled rules forbid us considering the question. · The question discussed is an important one, but if there is in any case an excuse for discussing and deciding a question not properly presented, there is none here, for we have had no brief from the appellee.

Our plain duty is to affirm the judgment. Judgment affirmed.

Filed Oct. 17, 1883. Petition for a rehearing overruled Dec. 14, 1883.