Cunningham, Administrator, *v.* Cunningham.

Filed April 17, 1884.

————————◆————————

No. 11,192.

CUNNINGHAM, ADMINISTRATOR, *v.* CUNNINGHAM.

MASTER COMMISSIONER.—*Report of.*—*Evidence.*—*Record.*—*Supreme Court.*— *Exception.*—Where the evidence is not in the record, no question is presented to the Supreme Court by an exception to the report of a master commissioner, questioning the correctness of its findings.

SAME.—*Failure to Report Evidence.*—Where the order of reference to a master commissioner does not require him to report the evidence, an excep-

Cunningham, Administrator, *v.* Cunningham.

tion on the ground that he had failed to report such evidence is not available.

SAME.—*Bill of Exceptions.*—In such case, a party may make the evidence part of the record by a bill of exceptions signed by the master commissioner.

DECEDENTS' ESTATES.—*Insolvent Estate.—Priority of Claims.— Widow's Rights. —Administrator's Liability.—Exceptions to Report.*—Where the administrator of an insolvent estate pays out the assets upon general debts, leaving unsatisfied a preferred claim allowed to the widow and also a mortgage upon her interest in the real estate, existing in the decedent's lifetime, he is liable to her, and she may except on these grounds to his final report.

SAME.—*Reference to Master Commissioner.—Judicial Act.*—Notwithstanding the repeal of so much of section 2391, R. S. 1881, as authorizes the reference of the final report of an administrator to a master commissioner, such reference may be made by the court, with the consent of the parties, and, though he can not exercise judicial powers, he may report his findings and conclusions of law to the court.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellant.
*S. J. Wright,* for appellee.

HAMMOND, J.—The appellant, as administrator of the estate of William Cunningham, deceased, filed his report, with vouchers, in the court below for the final settlement of the estate. It appears from the report that the estate was settled as insolvent, and that the appellant paid on claims against it $153.58 in excess of assets which came to his hands. The report also showed that there was a balance unpaid upon a mortgage on land, which had been executed by the decedent and his wife for purchase-money; and also an unpaid claim allowed the decedent's widow for money advanced by her to the administrator to aid the settlement of the estate. This mortgage and claim, the administrator stated in his report, could not be paid, as all the assets of the estate were exhausted.

The appellee, who is the widow of the decedent, filed her exceptions to the report, objecting to its confirmation, on the grounds, as she charged, that a sufficiency of assets came to

the administrator's hands to pay all claims against the estate except the general debts; that the claim referred to as allowed her was one that should have been paid before the general debts; that the mortgage mentioned, upon which there was a balance due of about $400, was upon real estate which had been assigned to her as the decedent's widow; and that the administrator, instead of paying her claim and discharging her land from the mortgage, had used money of the estate sufficient to have paid said claim and mortgage in the payment of general debts. She further averred in her exceptions that the administrator had failed to charge himself with interest collected on claims due the estate, and had paid claims that were not valid demands against it. The final report and exceptions to it were filed a short time before the decedents' act of 1881 went into force. Soon after that act took effect, the court, by consent of parties, made an order referring the final report and vouchers to a master commissioner "for his examination and finding thereon, and that said master commissioner proceed to hear said final settlement account and vouchers, and report his finding thereon in writing to this court at its next term, for its action." At the following term the master commissioner made his report, containing a special finding of facts, with conclusions of law thereon. Respecting the mortgage and the appellee's claim, the facts were found as stated in her exceptions, except that the administrator was entitled to a credit on the claim for taxes paid on the appellee's land after the death of the decedent. It was also found that the administrator had paid on general debts, out of the assets of the estate, an amount more than sufficient to have paid the balance on said mortgage and claim. The mortgage referred to was executed to, and held by, one Fulenwider. The conclusions of law, as stated in the report of the master commissioner, were as follows:

"Upon the whole case, I find that the final settlement of the administrator ought not to be approved, and that he ought not to be discharged in accordance with the prayer thereof;

that he ought to pay to Robert H. Fulenwider the amount remaining unpaid on his mortgage debt, or pay into court a sum sufficient to pay the same, and that he ought to pay to Mary Cunningham, the widow, the amount of her preferred claim as allowed against said estate, less $35.71, her portion of the taxes, which would be $97.60, with interest from the date of said allowance; these two items being less in amount than was paid out by said administrator on unpreferred claims. I further find that the administrator ought to pay the costs of this proceeding.        (Signed)     W. M. TRACEWELL,
                                         " Master Commissioner."

The appellant filed six exceptions to the master commissioner's report.    The first, second and third of the exceptions questioned the correctness of certain facts specially found. The fourth exception to the report was the failure of the master commissioner to present the evidence upon which his findings were based.    The fifth and sixth exceptions were to the conclusions of law.    The court overruled the exceptions, and entered judgment directing the appellant, as such administrator, to file another report for final settlement in accordance with the report of the master commissioner.    The court also gave the appellee judgment for costs.

The first, second and third of the appellant's exceptions to the master commissioner's finding of facts present no question. The evidence not being in the record, we must presume that such finding was correct.    Nor does the appellant's fourth exception present any question.    The order of reference did not require the master commissioner to report the evidence. Had such order required him to report the evidence, a bill of exceptions embracing such report would have made the evidence part of the record.    And even without such requirement in the order of reference, the appellant could, had he chosen to do so, have brought the evidence in the record by bill of exceptions signed by the master commissioner.    *Lee* v. *State, ex rel.,* 88 Ind. 256.    The absence of the evidence from the record furnishes no ground for complaint.

The master commissioner did not err in his conclusions of law, nor was there error in overruling the exceptions thereto. Section 109 (2 R. S. 1876, p. 534) of the decedents' act of 1852, which governed the payment of claims in this case, provided that claims against the estate of a decedent should be paid in the following order:

"*First.* Expenses of administration; *Second.* Expenses of last sickness, and funeral expenses; *Third.* Judgments which are liens upon the decedent's real estate, and mortgages of real and personal property existing in his lifetime; *Fourth.* General debts. *Fifth.* To legatees; *Sixth.* To distributees."

The mortgage and the claim of the appellee, referred to in her exceptions and in the report of the master commissioner, should have been paid before the payment of general debts. An executor or administrator should not in his final settlement receive credit for payment on the general debts until claims having preference are paid. Where the law fixes the order for the payment of claims, it should be pursued; otherwise the loss, if any, to a preferred claimant must fall upon the executor or administrator who pays a claim out of its order. It is the widow's right to have her interest in the lands of her deceased husband discharged from a mortgage existing at the time of his death, before the payment of general debts. *State, ex rel.*, v. *Mason*, 21 Ind. 171; *Perry* v. *Borton*, 25 Ind. 274; *Hunsucker* v. *Smith*, 49 Ind. 114; *Morgan* v. *Sackett*, 57 Ind. 580; *State, ex rel.*, v. *Kelso, post*, p. 587.

It is insisted that the appellee's remedy was by action on the administrator's bond, rather than by exceptions to his final report, for disregarding, to her prejudice, the order of payment of claims. No doubt the remedy on the bond exists, if the judgment of the court below is not complied with. At the same time, however, it was necessary for the appellee to object to the administrator's final report, for had it been approved by the court, it would, until set aside for fraud or mis-

take, have been conclusive against an action on the bond. *State, ex rel.,* v. *Kelso, supra.*

Again, it is objected to the proceedings that the master commissioner acted without authority of law. Section 2391, R. S. 1881, prior to its amendment (Acts 1883, p. 161), expressly authorized the reference of the administrator's report to a master commissioner; and, without such statute, we suppose the reference could have been made, as was done in this case, by consent of parties. A master commissioner, as was decided in *Shoultz* v. *McPheeters,* 79 Ind. 373, may not exercise judicial powers, yet, as was said in that case, " The power to hear causes and report facts or conclusions to the court for its judgment is not judicial within the meaning of the Constitution."

Our conclusion is that there is no error in the record. Judgment affirmed, at the personal costs of the appellant.

Filed April 18, 1884.