No. 11,108.

## BORCHUS ET AL. *v.* THE HUNTINGTON BUILDING, LOAN AND SAVINGS ASSOCIATION.

PRACTICE.—*Motion to Strike Out Interrogatories.*—*Bill of Exceptions.*—A motion to strike out interrogatories, and the ruling thereon, must be embraced in a bill of exceptions to save the question on appeal.

SAME.—*New Trial.*—Where error is assigned upon the overruling of a motion for a new trial, and the grounds stated in the motion are excessive damages, insufficient evidence, finding contrary to law, and error in admitting testimony, and there is no bill of exceptions filed, no question is presented.

MASTER COMMISSIONER.—*Evidence.*—*Bill of Exceptions.*—*Practice.*—Evidence admitted before a commissioner is not before the court unless preserved by bill of exceptions or by the commissioner in his report.

SAME.—*Testimony.*—*Record.*—A motion to make the testimony taken before a commissioner part of the record must be made before the court, on request, has acted upon the report and made a finding and judgment.

SAME.—*Evidence.*—*Report.*—*Waiver.*—Where the cause was referred to a special commissioner to report the facts and the evidence, and the facts alone were reported, the court might, on motion, or at its own instance, have required the commissioner to report the evidence; but where such action was not taken the error is waived.

SAME.—*Evidence before Commissioner.*—A judge has no power to sign a bill of exceptions containing evidence taken before a commissioner, but not brought before the court in a proper manner, and which was not before the court when the court made its finding upon the facts as reported by the commissioner.

SAME.—*Submission to Court.*—*Conclusions of Law.*—Where the commissioner reports his facts without the evidence, and the issues are submitted to the court for trial upon the findings, the court can not be required to state conclusions of law thereon, and such conclusions, if stated, are surplusage.

Borchus *et al. v.* The Huntington Building, Loan and Savings Association.

BUILDING ASSOCIATION.—*Promissory Note. - Payment of Assessment.—Complaint.—Statement of Particulars.*—Where the payment of assessments in a building association are made conditions in a promissory note, in a suit thereon it is not required that the proceeding in making the assessment should be set out with particularity in the complaint.

PLEADING.—*Demurrer.—Capacity to Sue.*—A demurrer questioning the sufficiency of a complaint does not present any question as to the plaintiff's capacity to sue.

From the Huntington Circuit Court.

*T. G. Smith* and *R. E. Smith,* for appellants.

*J. B. Kenner* and *J. I. Dille,* for appellee.

·BICKNELL, C. C.—In this case the appellants were the defendants below. ` They assign the following errors:

1. Overruling the demurrer to the complaint.

2. Striking out interrogatories to the plaintiff filed by the defendants with their answer.

3. Error of the court in its conclusions of law.

4. Overruling the motion for a new trial.

5. Overruling the motion to make the testimony taken before the commissioner a part of the record.

6. Refusing to sign the bill of exceptions.

Of these specifications of error the first only presents questions for consideration.

The second specification is unavailing, because the motion to strike out the interrogatories, and the ruling of the court thereon, are not made part of the record by a bill of exceptions. *Stott* v. *Smith,* 70 Ind. 298.

The fourth specification is unavailing, because the reasons for a new trial are: 1. That the damages are excessive; 2. That the amount of recovery is too large; 3. That the finding of the court is not sustained by sufficient evidence, and is contrary to law; 4. That the master commissioner erred in admitting certain testimony. Such reasons can not be considered here in the absence of a bill of exceptions. *Goben* v. *Goldsberry,* 72 Ind. 44; *Peterson* v. *McCullough,* 50 Ind. 35.

The fourth specification of error is also unavailing, because

what took place before the commissioner as to the admission of evidence was not before the circuit court. Such matter is brought before the circuit court either by bill of exceptions signed by the commissioner, or by a statement thereof in his report. *Board, etc., v. Huston,* 12 Ind. 276; *Way* v. *Fravel,* 61 Ind. 162; *Lee* v. *State, ex rel.,* 88 Ind. 256. Here there was no bill of exceptions signed by the commissioner presented to the court at the hearing, and his report stated nothing as to the admission of evidence.

The fifth specification of error is unavailing, because the motion to make the testimony taken before the commissioner a part of the record was not made until after the court, at the request of the appellant, had acted upon the commissioner's report as it was, and had made a finding and judgment upon a submission of the issues to the court for trial.

The cause, by agreement of the parties, had been referred to a special commissioner to report the evidence and the facts; he had reported the facts without the evidence. , The court, of its own motion, or at the request of either party, might, before discharging the commissioner, have required him to complete his report by adding the evidence, but no such action was taken; the objection to the incompleteness of the report had been waived by the appellants. *Preston* v. *Sandford,* 21 Ind. 156; *Hauser* v. *Roth,* 37 Ind. 89.

The sixth specification of error is unavailing, because the circuit judge had no authority to sign a bill of exceptions containing testimony taken before the commissioner, which had not been brought before the court in any proper manner, and was not before the court at all until long after the court had made its finding upon the facts as reported by the commissioner without the evidence.

There is a paper among the files which is styled "bill of exceptions." It purports to be signed by the special commissioner, and to set forth the evidence taken before him, but this paper did not accompany the commissioner's report; that report stated the facts only, without any evidence, and on the

facts so reported the finding of the court was made. Neither party moved for an order upon the commissioner to complete his report by adding thereto the evidence; both parties treated the report as sufficient; each called upon the court to act thereon judicially; and after the commissioner's power was exhausted, the court made its finding upon the facts as reported on the 30th day of June, of June term, 1882. Nine months afterwards, on the 23d of March, 1883, the defendant Borchus procured from the former commissioner the paper aforesaid, styled " bill of exceptions," and then first presented the same to the court, and moved that it be made part of the record, and this the court rightly refused.

The demurrer to the complaint was filed by the defendant Harmon Borchus only, who assigned two causes of demurrer, to wit:

1. There is a misjoinder of parties, plaintiffs and defendants.

2. The complaint does not state facts sufficient to constitute a good cause of action against him.

The suit was brought by the appellee against said Harmon Borchus and his wife and one Michael Wilhelm, upon a note made by Harmon Borchus payable to the appellee, and a mortgage securing the same executed by Borchus and wife to the appellee; Wilhelm was made defendant as a subsequent purchaser of the mortgaged premises; the allegation as to him is that " since the execution of said note and mortgage he bought the mortgaged premises, and now claims to be the owner thereof."

The following is a copy of the note sued on:

" $596.25. HUNTINGTON, IND., January 20th, 1876.

" For value received I promise to pay to the order of the Huntington Building, Loan and Savings Association of Huntington, Indiana, five hundred and ninety-six dollars and twenty-five cents, with interest on $596.25, eight years after date of the incorporation, viz., January 28th, 1873, or whenever said association shall be declared by the board of directors legally ended; interest at the rate of six per cent.

per annum, payable in equal weekly instalments on Saturday
of each week; and I do further promise and agree that should
the week's instalment of interest hereon as aforesaid remain
due and unpaid for three months, or should my stock in said
association be forfeited for the non-payment of the weekly
instalments of dues, or for any fines or assessments thereon,.
or for the non-payment of the taxes, ground rents or fire in-
surance premium on the property mortgaged to said associa-
tion to secure the payment of this note, for three months.
after the same becomes due, as provided by the Constitution
and by-laws of said association, then and in either case the
whole amount of principal and interest of this note, together
with all unpaid dues, fines and assessments on the shares of
stock of said association owned by me, and all ground rents, fire
insurance premiums, paid or advanced by said association on
said mortgaged premises, shall become immediately due and
collectible, all without relief from valuation or appraisement.
laws, and should this note be collected by suit, the judgment,
shall include the reasonable fee of plaintiff's attorney.

" (Signed)      H. BORCHUS."

The mortgage was in the statutory form, with the follow-
ing special agreement: "And the mortgagors expressly agree
to pay the sum so secured without relief from valuation or
appraisement laws." It was signed by Harmon Borchus.
and Catherine Borchus.

The complaint alleged the execution of said note and mort-
gage, and that said Harmon Borchus agreed to pay the plain-
tiff weekly dues, interest, fines and assessments on ten shares.
of its stock owned by him, and that said weekly dues and
interest were $3.45 per week, and that said plaintiff failed to
pay his said dues and interest, and had been delinquent there-
for for more than three months, and that said Harmon Borch-
us, under the constitution and by-laws of said association,.
was assessed for non-payment of his said dues in the sum of
$28, which had been due for more than three months, and
that the said stock of said Harmon Borchus had been as-

sessed in the sum of $222, and that said interest and assessment had•been due for more than three months, and that defendant, although often requested, has refused to pay the same, and that said stock had been forfeited to the plaintiff, and that said note had become due and payable. The complaint demanded a personal judgment against Harmon Borchus and the foreclosure of the mortgage against all the defendants.

Here was certainly no misjoinder of plaintiffs or defendants; the plaintiff was mortgagee; the defendants were the mortgagors and an alleged subsequent purchaser of the mortgaged property; and a sufficient cause of action was stated. Here was a promissory note; it imported a consideration; by its own terms it was to become due upon a certain event, to wit, failure for three months to pay an assessment. The complaint averred the making of the assessment and the failure for three months to pay it; thereby the note became due. It has been held that when a note is to become due according to conditions expressed in another instrument, which is referred to in the note, said conditions not being stated in the note itself, copies of both the note and the instrument referred to must be annexed to the complaint. This was held in *Busch* v. *Columbia City, etc., Ass'n*, 75 Ind. 348. But that is not this case; here the conditions are stated in the note itself; no other writing is referred to as containing any of them, and the promise is not made to pay under, pursuant to, or in conformity with any other writing. The complaint was, we think, sufficient. *Anderson Building, etc., Ass'n* v. *Thompson*, 88 Ind. 405. It is not necessary, in such a case, to set out particularly the proceedings of the plaintiff in making the assessment; if there were no assessment, or if there were such irregularity in the proceedings as to make the assessment invalid, that would be proper matter of defence. The appellants, in discussing the demurrer, claim that the plaintiff had not capacity to sue, but that question is not raised by the demurrer in this case. *Wiles* v. *Trustees, etc.*, 63 Ind. 206; *Rogers* v. *Lafayette, etc., Works*, 52 Ind. 296.

There was no error in overruling the demurrer of Harmon Borchus to the complaint.

The defendants Borchus and wife filed an answer in three paragraphs, to wit:

1. The general denial.

2. Payment before suit brought.

3. A counter-claim claiming credits for an excess of payments made weekly, alleging that the only liability of said defendants could be for assessments necessary to pay off the plaintiff's creditors, who were such at the time of the final winding up of the affairs of the association, and that the assessments sued for are largely in excess of the amount necessary to finally settle the affairs of said association, and praying that his said excess of weekly payments be deducted from any amount found due, etc.

4. That plaintiff was organized for eight years from January 28th, 1873, which time expired on January 28th, 1881; that said Harmon Borchus is a member of said association; that said pretended assessment has no existence, in fact, because the plaintiff's trustees, in fixing its amount, failed to take into consideration certain real estate of said association of the value of $2,200, and sufficient to pay all the liabilities of the association without any assessment on stock; that the debts of the association did not exceed $2,200, to pay which the trustees assessed one hundred shares of stock $22 each, when there were five hundred shares subject to assessment, of which one hundred and forty-eight shares were not assessed at all.   Wherefore, etc.

The record states that issue was joined on the third and fourth paragraphs of the foregoing answer, but there is no reply in the record to the fourth paragraph, and no answer to the counter-claim stated in the third paragraph; and, as yet, no answer to the complaint had been filed by the defendant Wilhelm, although he had appeared in the cause.

At this stage of the proceedings, the cause, by agreement of the parties, was referred to the special commissioner " to

report the evidence and the facts, and his conclusions thereon." At next term he reported as follows: " I now submit the following report of the facts, as found from the evidence, to wit." The report contained the facts only, without any statement of the evidence, or of any matter relating to the admission or rejection of evidence.

Upon the filing of this report the defendants moved the court to give its conclusions of law in writing upon the facts found by the commissioner, and the plaintiff moved for judgment in its favor upon the report.

The defendant Wilhelm then filed his answer to the complaint, viz., the general denial.

The record states that the issues were then submitted to the court without a jury, and that the court stated as its conclusions of law, that "the law is for the plaintiff on each several issue, and that the plaintiff ought to recover judgment herein." The defendants excepted to the conclusions, and they have assigned as their third specification of error that the court erred in its conclusions of law.

But this was not a case in which, under our statute, conclusions of law may be required to be stated. The special commissioner having, without objection, reported the facts without the evidence, and the parties having, in effect, consented to such report, all that the court could do was to make its finding upon the facts as reported, and when, as the record shows, the issues were submitted to the court without a jury upon the facts reported, the statement by the court as a conclusion of law, "that the law was for the plaintiff, and that on each several issue the plaintiff ought to recover," was mere surplusage, and the defendants' exception thereto, and assignment of error thereon, present no question.

The court then made the following finding: "That said plaintiff's cause of action is based upon a promissory note and mortgage, executed by the defendants, the Borchuses, and that the principal and interest due at this date amount to

$596.25, and that plaintiff is entitled to a foreclosure of its said mortgage against all of said defendants."

Judgment was rendered against said Harmon Borchus personally for $596.25, and costs, and for foreclosure against all the defendants.

The defendants, after a motion for a new trial overruled, appealed from the judgment.

As already stated, the motion for a new trial presents no question, because the evidence is not in the record, and the other errors assigned being unavailable as hereinbefore shown, the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed May 29, 1884. Petition for leave to file petition for a rehearing overruled Oct. 30, 1884.