Bristow, Administrator, *v.* McClelland, Administrator, *et al.*

No. 13,585.

BRISTOW, ADMINISTRATOR, *v.* McCLELLAND, ADMINIS-
TRATOR, ET AL.

MASTER COMMISSIONER.—*Report of.*—*Evidence.*—*Record.*—*Supreme Court.*—
*Exception.*—Where the evidence before a master commissioner is not in
the record, an exception to the report of such commissioner raises no
question as to the correctness of his finding.

SAME.—*Proper and Improper Relief.*—*Judgment Granting.*—*Objection to.*—*Su-
preme Court.*—*Decedent's Estate.*—*Settlement of as Insolvent.*—Where a judg-
ment gives proper relief, and in addition thereto other relief not proper,
but no objection has been made to the judgment, and no motion to mod-
ify it, it will not be reversed.   So where the master commissioner makes
an order that the estate represented by an administrator should be set-
tled as insolvent, as prayed for by the administrator, and also makes
an order requiring the money found in the administrator's hands to be
paid into court within thirty days, no motion being made by the admin-
istrator to modify or change the order, no question is presented to the
Supreme Court.

From the Clinton Circuit Court.

*J. N. Sims* and *M. Bristow*, for appellant.

*S. O. Bayless, J. V. Kent* and *I. W. Merrit*, for appellees.

COFFEY, J.—On the 4th day of April, 1885, the appel-
lant, as administrator of the estate of Williamson Farrar, de-
ceased, filed a petition in the Clinton Circuit Court praying for
an order to settle the estate, represented by him, as insolvent.
The appellee and others, creditors of said estate, resisted the
granting of such order, upon the alleged ground that the
estate was solvent, and filed an answer charging that the ap-
pellant had wasted the estate and had taken credit, in his
reports, for a large sum on false and fraudulent vouchers.

Pending these proceedings the court entered an order re-
quiring the appellant to file a report showing the actual con-
dition of the trust in his hands.   Pursuant to this order the

appellant filed a report which he claimed was a compliance with the order of the court.    To this report the appellees filed exceptions, and also filed a petition for the removal of the appellant from the trust, charging therein that he had misappropriated the trust funds, was insolvent and unable to repay the same, and that they would be unable to collect their claims in any other manner than by suit on his bond.    Upon issues formed the cause was tried by the court, and evidence taken by a short-hand reporter.    Without objection from either party, the cause, with the evidence taken, was referred to the Hon. Joshua Adams as a special master commissioner to hear further proof and to report to the court the condition of the trust.    The commissioner filed his report showing that there was in the hands of the appellant the sum of $1,521.07, which he had held since the 17th of day June, 1884; and charging the appellant six per cent. interest on the same from that date which, added to the principal, left in his hands unaccounted for the sum of $1,723.40.

After hearing and considering the evidence, the court made a finding that there was that sum in the hands of the appellant, and entered an order that the estate should be settled as insolvent, and that he should pay the money in his hands into court within thirty days to be applied to the costs of administration and the liquidation of the claims against said estate.

The appellant filed a motion and reasons for a new trial, which was overruled and he accepted.    He assigns as error here:

*First.* That the circuit court erred in overruling the motion for a new trial.

*Second.* That the court erred in refusing to consider the exceptions of the appellant to the report of the master commissioner.

*Third.* That the court erred in adopting and confirming

the report of the master commissioner, and in making the same the basis of the final decree.

*Fourth.* That the court erred in rendering its order and decree in ordering the appellant to pay into court, to be applied on the liabilities of the estate, the money found to be in his hands, within thirty days.

The only matters urged by the appellant in his brief relate to supposed errors in the report of the master commissioner and the order of the court requiring the appellant to pay into court the money in his hands, as administrator, to be applied to the satisfaction of the costs of administration, and the payment of claims against the estate.

In the report of the master commissioner it is found that by a statement of the condition of said estate, filed by the administrator, he had collected of the notes and accounts charged to him on the inventory, the sum of $2,333.18. It is claimed by the appellant that this finding is erroneous, and that the true amount shown by the statement to have been collected is $1,857.60. It is true, that the items of collections contained in the statement in question foot up the amount contended for by the appellant; but, deducting the claims reported in that statement as being insolvent from the claims inventoried would leave the amount reported by the commissioner.

The cause was referred to the master commissioner, with power to compel the attendance of witnesses and hear evidence. It may have been shown in evidence before the commissioner that the appellant had collected all the solvent claims shown by the inventory, and as he is not charged in such inventory with the full amount of the claims therein contained, we can not say that the report of the commissioner does not state the true amount which came into the hands of the appellant.

The evidence before the commissioner is not in the record, and in such case an exception to the report of such commissioner raises no question as to the correctness of his finding.

Bristow, Administrator, *v.* McClelland, Administrator, *et al.*

*Cunningham* v. *Cunningham,* 94 Ind. 557 ; *Borchus* v. *Huntington Building, etc., Ass'n,* 97 Ind. 180.

Such bill of exceptions must be signed by the master commissioner. *Clark* v. *Van Court,* 100 Ind. 113 ; *Hauser* v. *Roth,* 37 Ind. 89 ; *Lee* v. *State, ex rel.,* 88 Ind. 256.

On the final hearing of the cause the court made an order in favor of the appellant that the estate represented by him should be settled as insolvent, and in addition thereto made the order of which the appellant complains ; but no motion was made by the appellant to modify or change the order in any respect. Where a judgment gives proper relief, and in addition thereto other relief not proper, but no objection has been made to the judgment, and no motion to modify it, it will not be reversed. As no motion was made in the circuit court to modify the order and decree now under consideration, no question in relation thereto is presented for our consideration. *Scotton* v. *Mann,* 89 Ind. 404; *Stout* v. *Curry,* 110 Ind. 514 ; *Baddeley* v. *Patterson,* 78 Ind. 157 ; *Baker* v. *Allen,* 92 Ind. 101 ; *Earle* v. *Simons,* 94 Ind. 573 ; *Thames, etc., Co.* v. *Beville,* 100 Ind. 309.

It is not improper to remark, however, that it appears from the evidence in the record, taken before the cause was referred to the master commissioner, as well as by the report of said commissioner, that letters of administration were granted to the appellant in the year 1877, and no excuse appears for the long delay in the settlement of the estate. We know of no reason why the court·may not make any proper order compelling a speedy settlement of the trust in the hands of the appellant. The order in question was of that character.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Oct. 19, 1889; petition for a rehearing overruled Feb. 6, 1890.