Brundage *et al. v.* Deschler.

---

No. 16,157.

## BRUNDAGE ET AL. *v.* DESCHLER.

JURY.—*Advisory.— Court may Disregard its Findings* —In a case of equity jurisdiction where the court for its information submits certain questions of fact to a jury, the court is at liberty to disregard the answers of the jury to interrogatories, and to render judgment in disregard of the findings.

SAME.—*Instructions to.*—In cases where the finding of the jury is merely advisory, and in no sense binding on the court, it is doubtful if the reversal of a judgment because of instructions given to the jury in any such case would be advisable. Certainly not, where, as in the case at bar, the record affirmatively shows that the court did not follow the findings of the jury.

SPECIAL FINDING.— *When too Late to Request.*—After a general finding has been announced by the court, it is too late for a party to request the court to make a special finding.

From the Marion Circuit Court.

*J. S. Duncan, C. W. Smith, N. Morris, L. Newberger, J. B. Curtis* and *W. H. Jordan,* for appellants.

*L. Howland* and *D. W. Howe,* for appellee.

MCBRIDE, J.—This was a suit by the appellee against the

appellants, Brundage, Trusler, and Simpson, for specific performance of a contract to assign a lease for certain premises in the city of Indianapolis. The appellant, Bickley, was joined as a defendant, it being averred of him that he claimed some interest in the terms of said lease, the nature of which the plaintiff could not state.

The parties answered—

1. By general denial, and

2d. By special answer, alleging, in substance that before the issuance of the restraining order the lease in question had been sold and assigned to the appellant, Bickley, who purchased both the lease and a stock of goods at the time in the leased premises. That Bickley's purchase was made in good faith, for value, and that he claimed to be in possession and to hold the same as an innocent purchaser, etc.

The appellee replied by a general denial.

Although the case was of equity jurisdiction, the court, for its information, submitted certain questions of fact to a jury.

The jury returned answers to the interrogatories submitted. The record shows that thereupon the cause was submitted to the "court for final hearing, and finding upon the evidence" theretofore submitted to the court and jury, and that the "court, having heard argument upon the evidence, and duly considered thereon, and being sufficiently advised in the premises, and notwithstanding the answers of the jury to the interrogatories submitted to them by the court for its information, upon all the issues joined, finds for the plaintiff."

After the general finding had been announced the appellant, Bickley, asked the court to make a special finding of the facts. The court overruled the request on the ground that it came too late.

Judgment was rendered in favor of the appellee.

The assignment of errors is upon two grounds:

1st. That the court erred in overruling the motion for new trial.

2d.   Overruling motions to modify the findings and judgment.

The first reason assigned for a new trial is that the decision of the court is not sustained by sufficient evidence. There was evidence tending to support the finding on every material point, and under our uniform practice we will not interfere on that ground.

The second reason assigned, that the decision of the court is contrary to law as it is argued, presents no question not embraced in the first assignment.

The third is, that the court erred in instructing the jury. As the verdict of the jury in cases of this character is merely advisory, and in no sense binding on the court, it is doubtful if the reversal of a judgment because of instructions given would in any such case be justifiable. Certainly not when, as in the case at bar, the record affirmatively shows that the court did not follow the findings of the jury. *Pence* v. *Garrison,* 93 Ind. 345 (354); *Koons* v. *Blanten,* 129 Ind. 383; *Sheets* v. *Bray,* 125 Ind. 33.

Counsel insist that as the Legislature has provided for calling a jury in such cases, the court having done so, and the jury having returned answers to interrogatories covering the entire issues, the court is not at liberty to disregard them and to render judgment in disregard of the findings. They say the answers to interrogatories " should be held to remain in the record, and control the general judgment unless regularly set aside, and when so set aside, the parties should have the same opportunity for a rehearing, as upon the granting of a motion for a new trial."

The right of a court of chancery to cause a question of fact to be tried by a jury for its information is not a new right created by the Legislature. The legislative sanction of this practice in section 409, R. S. 1881, is merely a recognition or possibly restoration of the old and time honored practice, and the course pursued by the court is fully justified by precedent.

The fourth reason assigned, that the court erred in overruling appellant's motion to modify the findings and judgment, is not argued and must be considered waived.

The appellant, Bickley, assigned as a reason for a new trial the overruling of his motion and request for special findings. This was not error. The request came too late.

The principal argument of counsel is addressed to the evidence, its sufficiency, and the inferences and conclusions proper to be drawn from it.

The argument is able, ingenious and forcible; but as we are precluded by the practice of this court from weighing conflicting evidence, we can not consider it. We find no error in the record justifying a reversal.

Judgment affirmed, with costs.

Filed Jan. 29, 1892; petition for a rehearing overruled April 19, 1892.