## DELANEY ET AL. *v.* GUBBINS ET AL.

[No. 22,222.    Filed February 4, 1914.]

1. APPEAL.—*Motion to Dismiss.—Affirmance.*—Although a motion to dismiss an appeal, grounded on an agreement to abide by the decision of the trial court, has some just basis, a ruling thereon is unnecessary where an affirmance of the judgment is required. p. 193.

2. REFERENCE.—*Report.—Findings of Fact.*—Section 2735 Burns 1908, Acts 1903 p. 249, and amendatory acts, Acts 1911 pp. 63, 646, providing for the reference by the circuit judge, in certain counties, of certain matters to the probate commissioner "to hear evidence upon and report his finding," do not necessarily require the facts to be found specially in order to uphold the constitutionality of the statute, on the theory that if a general finding is authorized the statute is unconstitutional as vesting the probate commissioner with judicial powers, since the power to hear causes and report facts or conclusions to the court for its judgment is not judicial.    p. 193.

3. REFERENCE.—*Report.—Findings of Fact.*—A reference made pursuant to a stipulation of the parties that the issues stated should be referred to the probate commissioner "to hear the evidence and report his finding" to the court, was a general reference under §582 *et seq.* Burns 1908, §556 R. S. 1881, and in the absence of any agreement to have the commissioner to find the facts specially, or requiring him to report the evidence, where the order of reference followed the words of the agreement, the court was not bound to require the commissioner to incorporate the evidence in his report after a general finding had been reported. p. 194.

4. REFERENCE.—*Report.—Failure to Report Evidence.—Bill of Exceptions.*—Parties desiring to have the evidence heard by a probate commissioner in a cause referred to him brought to the court with the finding, where the order of reference did not require the evidence to be reported, could have brought it in by a bill of exceptions signed by the commissioner. p. 195.

5. REFERENCE.—*Report.—Failure to Report Evidence.*—Where, under an order of reference requiring the evidence to be reported with the finding, the commissioner fails to do so, he may be required to complete the report by adding the evidence, either by the court of its own motion or at the request of either party. p. 195.

6. TRIAL.—*Special Findings.—Motions to Strike Out or Modify.—New Trial.*—Motions to strike out, modify, or add to special findings are not recognized by the code, and where any or all the facts found are not sustained by the evidence, or are contrary to law, or where findings do not include facts that should have been found, the proper remedy is by a motion for a new trial. p. 195.

7. REFERENCE.—*Report.—Findings of Fact.*—A reference on agreement of the parties made under §582 *et seq.* Burns 1908, §556 R. S. 1881, is controlled by the rules applying to trials by the court, hence the facts need not be specially found unless one of the parties so requests. p. 196.

8. REFERENCE.—*Report.—Findings of Fact.*—A statement of facts in a general finding does not transform it into a special finding, so that where the finding of a referee, though in form and substance a special finding, was adopted by the court as a general finding, it must be regarded as such in the absence of a showing that a special finding was requested. p. 196.

9. REFERENCE.—*Findings of Fact.—Request for Special Findings.*—A request that the referee find the facts specially, made after the finding is announced, is too late to be effective. p. 196.

10. TRIAL.—*Findings.—Special Findings.*—Where there has been no request for a special finding, a court cannot be required to restate and enlarge its general findings so as to make a restatement of facts relative to particular questions. p. 196.

11. TRIAL.—*Findings.*—*Venire de Novo.*—A motion for a *venire de novo* is applicable only where a verdict or finding is so defective in form that no judgment can be rendered thereon, so that where the finding is general, the overruling of a motion for a *venire de novo* is not erroneous.   p. 197.

12. REFERENCE.—*Reservation of Grounds of Review.*—*Exceptions.* —Exceptions to the report of a referee, where the order of reference neither required a report of the evidence nor a special finding of facts, raise no question as to the correctness of the finding reported, where the evidence is not before the court.   p. 197.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Cornelius Delaney and others against John F. Gubbins and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Koons & Koons,* for appellants.
*Templer & Ogle,* for appellees.

Cox, J.—This was an action by appellants against Gubbins for the dissolution of a partnership between them and for an accounting and a receiver for the business and assets of the concern; and against both appellees for injunction to restrain them from disposing of a sum of money on deposit in the name of Gubbins, alleged to be money of the firm, and to restrain Gubbins from collecting or receiving any money or assets of the firm. The answer of appellees to appellants' complaint was a general denial and on the issues thus raised the cause was submitted to the court and part of the evidence heard, whereupon the trial was interrupted by a written stipulation in material substance as follows: That the court should refer the cause to the probate commissioner who should hear the evidence and report his finding; that the evidence already taken should be written out in longhand and the commissioner should consider that in connection with all the rest of the evidence which should be submitted to and heard by him; that the parties would submit their evidence in a friendly manner, waiving technicalities with the view of arriving at a cor-

rect and just accounting of the entire partnership business and of all the matters and transactions involved in the cause; that upon the conclusion of the taking of the evidence before the commissioner, Gubbins should dismiss a slander suit filed by him against one of appellants which dismissal should be a full and final settlement of that cause of action; that the firm should assign a certain contract for a public work in the city of Newcastle to Gubbins who was to complete the work in full compliance with the contract at his own expense for the entire work and save appellants harmless from their liability upon the contract and the bond given for its faithful performance, by executing to them an indemnifying bond in a stipulated sum; that after the completion of all the matters necessary to complete the assignment of the above contract the court should appoint a receiver to take charge of the assets of the firm and to pay its debts; that it was to be understood that appellee, Gubbins, did not admit that the proceeds of work known as the Broderick job or certain sidewalk jobs were firm assets as claimed by appellants, but claimed them to be his personal and individual property; that the court might order two certain checks drawn by Gubbins to be paid out of the money in controversy on deposit in Gubbins' name with appellee, People's Trust Company, the balance remaining to be held by the receiver and disposed of by him as the court might order. The stipulation then concludes as follows: "Said receiver to dispose of the assets of said firm as the court may order, and wind up the affairs of the said partnership under the orders of the court, and subject to and according to the decision of the court as to whether the said Broderick company work and said sidewalk improvements and the profits arising therefrom and the moneys now in the People's Trust Company to the credit of John F. Gubbins are firm assets or the private assets of the said John F. Gubbins, said parties to abide the decision of the

court in that behalf as well as in all other matters, and that the court may decree a dissolution of the partnership and order an accounting and take the accounting.''

Acting upon this agreement the court entered a finding that a receiver should be appointed, the partnership dissolved and an accounting had, together with a finding that the contract for the Newcastle job had been duly assigned to and taken over by Gubbins and an indemnifying bond given to appellants by Gubbins as provided in the agreement. Thereupon the court appointed a receiver, decreed a dissolution of the partnership, ordered the payment of the checks and an account taken of the firm business as provided in the stipulation. By this order, the court also referred the cause to the probate commissioner to hear the evidence and report his finding therefrom of the account between the partners and whether the Broderick and sidewalk jobs and the money on deposit were firm assets or the personal property of Gubbins. The commissioner reported a finding in the nature of a special finding of facts with ultimate facts and conclusions stated as recommendations from which it appeared that the account in final settlement between the partners showed $87 to be due from the firm to Gubbins and nothing to the other partners and that neither partner personally owed anything to the firm; that the Broderick and sidewalk jobs and the money in controversy on deposit in the People's Trust Company were the personal property of Gubbins. Appellants moved to reject and strike out the report of the commissioner on the ground that the findings were not full enough and that the evidence was not reported, and to require the commissioner to report fuller findings and the evidence. These motions were overruled. Appellants excepted to the findings on the grounds that they were not sustained by sufficient evidence and were contrary to law. The exceptions were overruled and the court adopted the findings of the commissioner. Appellants moved for a *venire de novo*, and also for a new trial;

the latter on the grounds that the findings of the commissioner and the decision of the court were not sustained by the evidence and were contrary to law, which motions were in turn overruled. These adverse rulings and exception to the judgment rendered by the court are made the bases of numerous assignments of error in this court.

Appellees have made it to appear that, at the conclusion of the evidence before the commissioner, the slander suit was dismissed in accordance with the stipulation and 1. has moved to dismiss this appeal on the ground that the agreement, upon the performance of the things specified to be done, to "abide the decision of the court in all matters" was an agreement to make the decision of the trial court final and a waiver of the right to appeal. While the motion to dismiss has some just basis, the judgment must be affirmed and it is unnecessary to pass upon the motion.

The trial court treated the report of the commissioners as a general finding, adopted it as its own finding and rendered judgment accordingly. Counsel for appel-2. lants now contend that the reference was to the probate commissioner under the provisions of §2735 Burns 1908, Acts 1903 p. 249, and amendatory acts, Acts 1911 pp. 63, 646, which provide for the reference by the circuit judge, in Delaware and other counties, *on his own motion*, of certain matters to the probate commissioner "to hear evidence upon and report his finding." And, it is claimed by counsel that this provision must be held to require the facts to be found specially in order to uphold its constitutional validity. Treating the finding in this case as a general one as the court did, it is contended, if authorized by the statute in question, would render such statute unconstitutional and void as vesting the probate commissioner with judicial powers. The very case cited by counsel to sustain this contention refutes it. *Shoultz* v. *McPheeters* (1881), 79 Ind. 373, 378. It was there said: "The power

to hear causes and report facts or conclusions to the court
for its judgment is not judicial within the meaning of the
Constitution.    In *Underwood* v. *McDuffee* [1867], 15 Mich.
*361, [93 Am. Dec. 194,] this subject received a careful
investigation, and it was there said: 'No action which is
merely preparatory to an order or a judgment to be rendered
by some different body, can be properly termed judicial.
A master in chancery often has occasion to consider ques-
tions of law and fact, but no one ever supposed him to
possess judicial power.    A jury in a court of record de-
termines all the facts in the case, but the judicial power is
in the court which enforces the verdict by judgment.    This
view is very clearly explained by Kent, C. J., in *Tillotson* v.
*Cheetham* [1806], 2 Johns. [N. Y.] *63, where it was held
that the sheriff himself when presiding over a jury of in-
quest, acted ministerially, because he had no power to give
judgment.    See also Story on Const., Sec. 1640, *et seq.;*
*Daniels* v. *People* [1859], 6 Mich. 381; *Chandler* v. *Nash*
[1858], 5 Mich. 409.    It is the inherent authority not only
to decide, but to make binding orders or judgments, which
constitutes judicial power; and the instrumentalities used
to inform the tribunal, whether left to its own choice or
fixed by law, are merely auxiliary to that power, and operate
on persons or things only through its action, and by virtue
of it.' "

But this reference was not by the court of its own motion;
it was by agreement.    It is to be noted that the stipulation
was that the issues stated should be referred to the
commissioner "to hear the evidence and report his
finding" to the court.    The order of reference fol-
lowed the words of the agreement.    There was no agree-
ment to have the commissioner find the facts specially nor
to require him to report the evidence.    Nor was there a
request either on the part of appellants or appellees that
either of these things should be done by the commissioner.
The order of the trial court referring the matter did not

involve such a requirement. This was a general reference under §582 *et seq.* Burns 1908, §556 R. S. 1881, of the issues designated in the agreement to refer. *Board, etc.* v. *Huston* (1859), 12 Ind. 276; *Ware* v. *Adams* (1859), 12 Ind. 359; *McClure* v. *McClure* (1862), 19 Ind. 185; *Beard* v. *Hand* (1882), 88 Ind. 183; *Lee* v. *State, ex rel.* (1882), 88 Ind. 256. Under these circumstances the court was not bound to require the evidence to be incorporated in the report after the finding had been reported. If appellants had desired the evidence given before the commissioner brought to the court with the finding, they could have brought it in by a bill of exceptions signed by the commissioner. *Cunningham* v. *Cunningham* (1884), 94 Ind. 557; *Lee* v. *State, ex rel., supra.* See, also, cases above cited. If the order of reference had provided for the evidence to be reported and the commissioner had not done so, in that case the court, of its own motion or at the request of either party, might before discharging the commissioner, have required him to complete his report by adding the evidence. *Borchus* v. *Huntington Bldg., etc., Assn.* (1884), 97 Ind. 180.

The findings of the commissioner were assumed by appellants to be special findings and as such the motion to reject and strike them out and exact that fuller findings be returned instead, was addressed to them. So treating them, the motion was not well made. It has uniformly been held by this court that motions to modify, strike out, or add to special findings are not recognized by our code. Where any or all of the facts found are not sustained by the evidence, or are contrary to law, or where facts should have been found but were not, the proper remedy is by motion for a new trial. *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 64 N. E. 860; and cases there cited; *Scott* v. *Collier* (1906), 166 Ind. 644, 647, 78 N. E. 184, and cases there cited. But in a reference such as this the rules which apply to trials by the court govern and

the facts need only be found specially if a request to that end is made by one of the parties. If such a request is not made, a general finding only may be made. §538 Burns 1908, §514 R. S. 1881; *Indiana Central R. Co.* v. *Bradley* (1855), 7 Ind. 49; *Board, etc.* v. *Huston, supra; Ware* v. *Adams, supra; McClure* v. *McClure, supra; Gilmore* v. *Board, etc.* (1871), 35 Ind. 344; *Pitts* v. *Langsdale* (1869), 32 Ind. 218; *Way* v. *Fravel* (1878), 61 Ind. 162; *McCutcheon* v. *McCutcheon* (1895), 141 Ind. 697, 41 N. E. 324.

There was, in this case, no request for a special finding, and, while the finding returned by the commissioner was in form and substance a special finding, it must, in accordance with the settled rule, be regarded as a general finding only. A statement of facts in a general finding does not transform it into a special finding. *Lawson* v. *Hilgenberg* (1881), 77 Ind. 221; *Levy* v. *Chittenden* (1889), 120 Ind. 37, 22 N. E. 92; *Kelley* v. *Bell* (1909), 172 Ind. 590, 597, 88 N. E. 58, and cases there cited. As a general finding it was adopted by the court and became the general finding upon which the judgment was rendered. *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 65 N. E. 401. Moreover, the motion to strike out and reject the findings of the commissioner was, in effect, a belated request for a special finding made after the findings were announced. This, of course, was too late to be effective. *Moore* v. *Barnett* (1861), 17 Ind. 349; *Hartlep* v. *Cole* (1889), 120 Ind. 247, 22 N. E. 130; *Brundage* v. *Deschler* (1891), 131 Ind. 174, 29 N. E. 921; *Stumph* v. *Miller* (1895), 142 Ind. 442, 41 N. E. 812; *Turpie* v. *Lowe* (1902), 158 Ind. 47, 54, 62 N. E. 628; *Tevis* v. *Hammersmith* (1908), 170 Ind. 286, 84 N. E. 337; *Bass* v. *Citizens Trust Co.* (1904), 32 Ind. App. 583, 70 N. E. 400.

Where there has been no request for a special finding, the court cannot be required to restate and enlarge its general finding so as to make a restatement of

facts relative to particular questions. *Singer* v. *Tormoehlen* (1898), 150 Ind. 287, 49 N. E. 1055.

The motion for a *venire de novo* is an ancient common-law remedy which was, technically speaking, applicable only to jury trials. It is not a part of our code but has, by common usage, been adopted as a part of our practice and applied when either a verdict or finding was so defective in form that no judgment could be rendered thereon. As the finding in the case before us must be deemed to be a general one, it is clear that no error was committed by the trial court in overruling the appellants' motion for a *venire de novo*. *Cooley* v. *Kelley* (1913), 52 Ind. App. 687, 96 N. E. 638, 98 N. E. 653; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58.

Where the evidence in a reference such as this has not been reported or brought before the court, exceptions to the report raise no question as to the correctness of the finding reported. *Bristow* v. *McClelland* (1889), 122 Ind. 64, 22 N. E. 299. As the evidence has not been brought up, no question is presented on the exceptions to the findings of the commissioner or the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 104 N. E. 13. See, also, under (1) 3 Cyc. 196; (2) 8 Cyc. 823, 34 Cyc. 838; (3) 34 Cyc. 843; (4) 34 Cyc. 858; (5) 34 Cyc. 878; (6) 38 Cyc. 1987; (7) 34 Cyc. 839, 842; (8) 34 Cyc. 841; (9) 34 Cyc. 842; (10) 38 Cyc. 1956; (11) 38 Cyc. 1990; (12) 34 Cyc. 865.